ADAMS, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ALLEN TELECOM, LLC, | ) | |
| | ) | CASE NO. 1:06CV735 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Judge John R. Adams |
| | ) | |
| OHIO ENVIRONMENTAL | ) | MEMORANDUM OPINION & ORDER |
| DEVELOPMENT LIMITED | ) | [Resolving Docs. # 11, 17 & 21] |
| PARTNERSHIP, *et al*, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on motion by Defendants Ohio Environmental Development Limited Partnership, *et al*, who move to have the Court dismiss Plaintiff Allen Telecom's claims pursuant to Fed. R. Civ. P. 12(b)(1) and (6). According to Defendants, Plaintiff fails to state a claim upon which relief can be granted. For the reasons that follow, the Court DENIES Defendants' motion.

**I. Facts & Procedure**

In 1994, Ohio Environmental Development Limited Partnership ("OEDLP") agreed to lease to MARTA Technologies, Inc. ("MARTA") 13 vehicle-emissions testing facilities. Section 49 of the Master Lease Agreement required MARTA to give OEDLP $1,325,000 as a "Security Deposit," which the lease expressly stated secured only MARTA's obligations to pay rent for the 10-year term. The Master Lease Agreement also contained a provision prohibiting MARTA from assigning the lease in whole or in part without OEDLP's prior written consent.

On the day the parties executed the Master Lease Agreement, they also executed a letter ("the Letter Agreement"). The Letter Agreement clarified the parties' intent that the "Security Deposit" referenced in the lease was in fact a loan that OEDLP would repay upon the occurrence of several stated events, such as the expiration of the 10-year term. The Letter Agreement also stated that OEDLP's partners -- including Dr. Rustom Khouri and Mary Khouri[1] -- would not incur personal or individual liability on the loan.

In 1999, MARTA's successor -- Envirotest Sytems, Inc. ("Envirotest") -- assigned its right to repayment of the loan to Plaintiff without first receiving Defendants' written consent. Envirotest continued as Defendants' tenant until the lease term expired in 2006. Upon the expiration of the lease term, Plaintiff asked Defendants to repay the loan.[2] When Defendants refused, Plaintiff brought suit against OEDLP and the Khouris. Defendants responded by filing a motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(1) and (6).

## II. Legal Standard

In applying the typical Rule 12(b)(6) motion to dismiss, the Court "must construe the complaint in a light most favorable to the plaintiff, accept all of the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief." *Columbia Natural Resources, Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995) (citing *Allard v. Weitzman*, 991 F.2d 1236, 1239-40 (6th Cir. 1993)). If an allegation is capable of more than one inference, the Court must construe it in the plaintiff's

---

[1] The Khouris served as general partners of Carnegie Management and Development Corporation, which in turn was the general partner of OEDLP.

[2] Plaintiff alleges that the amount due, with interest, is $2,800,000.

2

favor. *Id.* The Court may not grant a Rule 12(b)(6) motion merely because it may not believe a plaintiff's factual allegations. *Id.* Although this is a liberal standard of review, the plaintiff still must do more than merely assert bare legal conclusions. *Id.* To survive a Rule 12(b)(6) motion to dismiss, the plaintiff's complaint must make either "direct or inferential" allegations regarding all of the material elements necessary to sustain recovery under "some" viable legal theory. *Id.*

### III. Law & Analysis

Defendants argue that this Court should dismiss Plaintiff's complaint for the following reasons: (1) Plaintiff lacks standing to enforce the loan because MARTA's assignment was null and void under the Master Lease Agreement; (2) payment of the loan is not yet due; and (3) the Khouris are not personally liable for the loan. The Court disagrees.

First, while the Master Lease Agreement clearly references the "Security Deposit," Plaintiff's complaint directly alleges that the parties did not intend the $1,325,000 loan to be part of the lease but instead was a separate transaction. Plaintiff further alleges that because the loan was a separate transaction, it is not subject to the lease's non-assignment provision. In support of its allegations, Plaintiff argues that the deposit was not "entangled" with the Master Lease Agreement, as evidenced by language contained in the lease stating that the deposit did not secure any obligations owed by MARTA. Also, the Court notes that the Letter Agreement -- attached to Plaintiff's complaint -- contains different terms than those provisions of the lease that focus on the security deposit.[3] Because Plaintiff's complaint makes direct and inferential allegations that support a viable legal theory, this Court cannot dismiss Plaintiff's claims on the

---

[3] For example, the Letter Agreement indicates that the Khouris are not personally liable for repayment -- a release not contained in the lease.

3

basis that Plaintiff lacks standing.  *See Columbia Natural Resources, Inc.*, 58 F.3d at 1109; *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995).

Second, Plaintiff has presented a set of facts that support its claim that payment of the loan is due.  Under the terms of the lease, "The Security Deposit shall be returned to [MARTA] upon the expiration of the Term or the sooner termination of this Lease."  The Letter Agreement contains similar language, in addition to two provisions that would require repayment prior to the expiration of the 10-year term.  Plaintiff alleges that payment is now due because the term expired in 2006 and because the lease and Letter Agreement state that OEDLP "shall" repay the loan upon the expiration of the lease.  The Court thus finds that Plaintiff has presented a set of facts upon which it could sustain repayment of the loan and, therefore, that dismissal pursuant to Fed. R. Civ. P. 12(b)(6) is inappropriate.

Finally, Plaintiff alleges in its complaint that the Khouris can be held personally liable for repayment of the loan.  While the Letter Agreement releases the Khouris from personal liability, Plaintiff contends in paragraph five of its complaint that the release was effective only in so much as the Khouris were then serving as general partners of OEDLP, which was then a limited partnership.  Plaintiff further alleges that, after releasing the Khouris from liability, the limited partnership was dissolved and a general partnership created.  Because the Khouris allegedly held themselves out as partners of this new entity, Plaintiff contends that the Khouris are personally liable for the partnership's debts regardless of the Letter Agreement.

While Plaintiff's theory of personal liability ultimately may not succeed, the Court finds that Plaintiff has presented a set of facts upon which it could obtain relief from the Khouris.

4

Ohio law recognizes that individuals who hold themselves out as co-owners of a general partnership can be held personally liable for the debts of the entity. *See Wayne Smith Construction Co. v. Wolman, Duberstein & Thompson*, 65 Ohio St. 3d 383, paragraphs one and two of the syllabus (1992) (general partners are personally liable for partnership debts once partnership assets exhausted); *Simandl v. Simandl*, 3 Ohio App. 3d 357, 360 (Cuy. Cty. 1982) (brothers who shared in net proceeds of the business, acted as co-owners and had authority to bind the business acted as a partnership). Having reviewed applicable Ohio law and examined the complaint in the light most favorable to Plaintiff, the Court finds that dismissal pursuant to Fed. R. Civ. P. 12(b)(6) is inappropriate at this time.

## IV. Conclusion

For the reasons stated herein, Defendants' motion is DENIED.


IT IS SO ORDERED.

| | |
|---|---|
| September 22, 2006 | */s/ John R. Adams* |
| Date | John R. Adams |
| | U.S. District Judge |